UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGELO REYNOLDS, | ) |
|           Plaintiff, | ) |
| v. | ) No. 2:25-cv-00482-JPH-MKK |
| TIMOTHY LEFFLER, | ) |
| JOHN WOLFE, | ) |
| JOHN FIELDS, | ) |
| JOHN BEDWELL, | ) |
| JOHN BRADLEY, | ) |
| JOHN EDWARDS, | ) |
| JOHN ADAMS, | ) |
| JOHN NEFF, | ) |
| JANE ELKINS, | ) |
| ASHLEY MOSELEY, | ) |
| JOHN PAYNE, | ) |
| JOHN SIMMERMAN, | ) |
| MADISON PASSMORE, | ) |
|           Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Angelo Reynolds is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). On July 29, 2025, the Court screened Mr. Reynolds's original complaint and determined it contained two distinct and misjoined claims: (1) that he was deprived of any running water at all, for drinking and religious purposes, for 10 days; and (2) that after the water was restored, it was and still is foul and makes him ill when he drinks it, and that this is a widespread problem in the Wabash Valley Secure Confinement Unit. Dkt. 3. The Court allowed the ongoing water problem claim to proceed under original cause number 2:24-cv-00527-MPB-MJD, and directed Mr.

1

Reynolds to inform the Court whether he wished to sever the short-term water deprivation claims into a new action. *Id.* On September 26, 2025, the Court opened this action after Mr. Reynolds moved to proceed with the short-term water claims. *Id.* The Court now proceeds to screen Mr. Reynolds's complaint, as related to the short-term deprivation of water, as required 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Reynolds attached 76 pages of exhibits to his complaint. Although the Court may consider documents attached to a complaint, it is a plaintiff's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013). These exhibits appear to be evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure and impose an unjustified burden on the Court. The Court will not sift through these documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

Mr. Reynolds's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson,* 74 F.4th 470, 472 (7th Cir. 2023). The complaint as applied in this action names as defendants: (1) Timothy Leffler, (2) John Wolfe, (3) John Fields, (4) John Bedwell, (5) John Bradley, (6) John Edwards, (7) John Adams, (8) John Neff, (9) Jane Elkins, (10) Ashley Moseley, (11) John Payne, (12) John Simmerman, and (13) Madison Passmore.[1]

Mr. Reynolds alleges that on September 14, 2024, while confined in the Secure Control Unit ("SCU") (segregation) at Wabash Valley, the sink in his cell began spewing sandy, discolored water with black foreign objects in it. Shortly

---

[1] It is unclear that all the defendants named "John" or "Jane" actually have those first names. Regardless, the Court lists the names as provided by Mr. Reynolds.

thereafter, Mr. Reynolds's sink stopped working altogether. Mr. Reynolds requires water to perform Islamic prayers five times per day.

The sink was inoperative for 10 days. Mr. Reynolds did not receive any drinking water for the first 5 days, though he was offered juice with breakfast on a few occasions (not every day). He also was offered coffee every day, which he doesn't drink. For the last 5 days the water was off, Mr. Reynolds received a total of 48 ounces of drinking water. During these 10 days, Mr. Reynolds suffered from dehydration that left him dizzy and weak. He was repeatedly denied water in order to perform his prayers.

Mr. Reynolds asked defendants Wolfe, Fields, Bedwell, Bradley, Edwards, Adams, Neff, Elkins, and Zimmerman for water for both drinking and religious purposes, but they did not obtain it for him. Mr. Reynolds states that "only a few correctional officers were willing to bring Plaintiff water." Dkt. 1 at 3. Mr. Reynolds submitted a grievance to Ms. Passmore about the lack of water and also complained to Lt. Leffler about it. He asked Ms. Moseley to arrange for him to be moved to a different cell, but she did not respond. He submitted a request for interview form to Mr. Payne, the head of maintenance at Wabash Valley, about the lack of water and did not receive a response.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Eighth Amendment conditions of confinement claims **shall proceed** against all Defendants based on the allegations that they all ignored Mr. Reynolds's need for adequate drinking water over a period of 5 to 10 days. Also,

First Amendment free exercise of religion claims **shall proceed** against all Defendants.[2]

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 9, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants Timothy Leffler, John Wolfe, John Fields, John Bedwell, John Bradley, John Edwards, John Adams, John Neff, Jane Elkins, Ashley Moseley, John Payne, John Simmerman, and Madison Passmore in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 26, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

---

[2] Mr. Reynolds may not proceed against the Defendants under the Religious Land Use and Institutionalized Persons Act, because the Act does not authorize any kind of relief against public employees in their individual capacities. *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009).

Date: 1/13/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Timothy Leffler
    John Wolfe
    John Fields
    John Bedwell
    John Bradley
    John Edwards
    John Adams
    John Neff
    Jane Elkins
    Ashley Moseley
    John Payne
    John Simmerman
    Madison Passmore
    (All at Wabash Valley Correctional Facility)

ANGELO REYNOLDS
228386
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838